IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN THURLOW MOSBY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNKNOWN LAW ENFORCEMENT OFFICER, PROSECUTOR, OR JUDGE,<br><br>　　　　Defendant. | Cause No. CV 22-66-M-DLC-KLD<br><br><br>ORDER and FINDINGS<br>AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

Plaintiff John Thurlow Mosby moves to proceed in forma pauperis with this action under 42 U.S.C. § 1983 alleging violation of his civil rights. He also asks the Court to appoint counsel to represent him. *See* Notarized Complaint (Doc. 8) at 1–11.

## I. Motion to Proceed In Forma Pauperis

Mosby's inmate trust account statement adequately shows that he is not able to pay the full filing fee at this time. *See* Account Statement (Doc. 1-1). His motion will be granted.

Because Mosby is a prisoner, he must pay the $350.00 filing fee in installments taken from his inmate trust account and consisting of 20% of each

1

month's deposits into the account, provided the balance is at least $10.00. The Court will waive the initial partial filing fee, because it is not clear Mosby could pay it. The total fee and the rate of withdrawal are established by Congress and cannot be altered by the Court. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1), (2), (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

## II. Screening

Because Mosby is a prisoner and is proceeding in forma pauperis, the Court must review the complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(a), (b)(1). ). A federal court must liberally construe pleadings filed by unrepresented prisoners and extend an opportunity to amend where appropriate. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Nonetheless, the Court must dismiss a claim when its defects cannot be cured by amendment. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

## III. Mosby's Allegations

Mosby refers to a recent Montana Supreme Court decision, *State v. Mosby*, 2022 MT 5. As the decision explains, Mosby was charged in 2005 with felony sexual assault and misdemeanor indecent exposure. After finding him unfit to proceed, the state district court dismissed the criminal case, and the State opened a civil commitment proceeding. Mosby was held in civil confinement for several

years. His commitment was reviewed and renewed annually. *See id.* ¶¶ 4–7.

In 2017, with a view toward community-based treatment rather than a renewed commitment, Mosby requested a hearing and time to complete another psychological evaluation. The State then filed a motion in the previously-dismissed criminal case. The district court continued the civil commitment case and also reinstated the criminal charges. The criminal case proceeded to trial. Mosby pled guilty but appealed the validity of the district court's reinstatement of the case. *Mosby*, 2022 MT 5 ¶¶ 7–11.

On January 11, 2022, the Montana Supreme Court held that the district court had the authority to reinstate the criminal charges, *Mosby* ¶ 25, but incorrectly failed to require the State to file a new Information, *id*. ¶ 29. The court also held that the district court erred in proceeding under a confused amalgamation of the distinct standards applicable to the criminal case and the civil commitment case. *See id*. ¶ 35. The Montana Supreme Court reversed the district court's reinstatement of the criminal case and barred its resumption. *See id*. ¶¶ 37–39.

Mosby names "Unknown Law Enforcement Officer, Prosecutor, or Judge" as defendants. He appears to indicate his intent to proceed against the prosecutors who participated in the criminal case and the trial judge, providing they lack immunity. He also speculates that a party lacking immunity might be located and sued. *See, e.g.*, Compl. (Doc. 8) at 3.

## IV. Analysis

Judges of state and municipal courts have unqualified, absolute immunity against claims for money damages arising from actions they take or fail to take in cases within their jurisdiction to hear. *See Stump v. Sparkman*, 435 U.S. 349, 357–60 (1978). The court in Mosby's case plainly had jurisdiction to act, even if its actions were erroneous. *See* Mont. Code Ann. § 3-5-302(1), -312. Mosby cannot proceed against the judge.

Prosecutors have unqualified, absolute immunity against claims for money damages arising from actions they take or fail to take in connection with the judicial phase of criminal or civil proceedings, *see Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *Fry v. Melaragno*, 939 F.2d 832, 837–38 (9th Cir. 1991), that is, "action that only a legal representative of the government could take," *Burton v. Infinity Capital Mgmt.*, 862 F.3d 740, 748 (9th Cir. 2017) (internal quotation marks and citation omitted). This immunity extends to prosecutors' deliberation whether to initiate court proceedings as well as their continuation of them. *Id.* at 431. Mosby cannot proceed against the attorneys who represented the State of Montana.

Even assuming that someone not entitled to absolute immunity was integrally involved in initiating the proceedings against Mosby, the errors committed were "a matter of improper procedure and . . . a failure to conscientiously exercise discretion" on the part of the trial court. *Mosby*, 2022 MT

4

5 ¶ 27. Mosby alleges no component of falsehood or bad faith, no lack of probable cause to believe he committed sexual assault, or the like. The issues decided by the Montana Supreme Court had not been previously decided. The facts Mosby alleges do not support an inference of *malicious* prosecution, and, likewise, do not support an inference that someone unknown to him violated his civil rights. *See, e.g.*, *Thompson v. Clark*, __ U.S. __, 142 S. Ct. 1332, 1337–38 (2022); *Manuel v. City of Joliet*, __ U.S. __, 137 S. Ct. 911, 915–16 (2017).

The Eighth Amendment prohibits cruel and unusual punishments. The now-vacated 100-year sentence for felony sexual assault was not cruel or unusual. *See, e.g.*, Mont. Code Ann. § 45-5-502(3) (2005) (setting penalty range of four years to life in prison for felony sexual assault where victim is under 16 years old and offender is at least three years older than victim); *Harmelin v. Michigan*, 501 U.S. 957, 994–96 (1991); *Rummel v. Estelle*, 445 U.S. 263, 274 (1980). The Court is not aware of any case holding that obtaining a conviction and sentence in violation of state-prescribed procedure—especially when the violation is corrected on appeal—violates the Eighth Amendment.

Declaratory relief, *see* Compl. (Doc. 8) at 9, is not available because there is no "substantial and important question currently dividing the parties." *Los Angeles Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 703–04 (9th Cir. 1992). The Montana Supreme Court found a miscarriage of state procedure and provided relief against the

conviction and sentence. Nothing remains to be declared.

To the extent Mosby believes he should receive credit for the time served, the Court is not aware of a federal law requiring States to apply credit for time served on one sentence against a second and separate sentence for a different offense. At any rate, Mosby could obtain such credit only by proceeding in habeas corpus after exhausting his state judicial remedies. *See, e.g., Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Nettles v. Grounds*, 830 F.3d 922, 927–30 (9th Cir. 2016) (en banc).

Mosby fails to state a claim on which relief may be granted. His complaint should be dismissed.

### V.  Motion for Counsel

Generally, a civil litigant is not entitled to appointment of counsel at public expense. *See, e.g., Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998), and *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). Under exceptional circumstances, the court may appoint counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1). *See Agyeman v. Corrs. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The circumstances here are not exceptional. The case should be dismissed, not because Mosby does not have a lawyer, but because he does not have a claim.

## VI. Conclusion and Certification

Due to the doctrines of judicial and prosecutorial immunity, the facts Mosby alleges simply do not add up to a cause of action for violation of his civil rights. He would have to allege different facts, not merely additional ones, to state a claim. Amendment will not cure the complaint's deficiencies. As Mosby fails to state a claim and has sued only defendants who are immune, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), he should receive a strike for filing this action, *see* 28 U.S.C. § 1915(g). The District Court should certify that any appeal of its disposition would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A), (4)(B).

Accordingly, IT IS ORDERED:

1. Mosby's motion to proceed in forma pauperis (Doc. 1) is GRANTED. A collection order accompanies this Order.

2. Mosby's motion for counsel (Doc. 3) is DENIED. The clerk will include this case on the Court's website showing pro bono opportunities for counsel.

The Court also RECOMMENDS:

3. Mosby's complaint should be DISMISSED without further leave to amend for failure to state a claim on which relief may be granted.

4. The docket should reflect that Mosby's filing of this action counts as one strike under 28 U.S.C. § 1915(g).

5. The District Court should CERTIFY that any appeal from its disposition would not be taken in good faith.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Mosby may object to this Findings and Recommendation within 14 days. *See* 28 U.S.C. § 636(b)(1).[1] Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mosby must immediately advise the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 22nd day of July, 2022.

_____
Kathleen L. DeSoto
United States Magistrate Judge

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served." Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.