IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN THURLOW MOSBY,<br><br>            Plaintiff,<br><br>vs.<br><br>UNKNOWN LAW ENFORCMENT OFFICER, PROSECUTOR, OR JUDGE,<br><br>            Defendants. | CV 22–66–M–DLC<br><br><br><br>ORDER |

Before the Court is United States Magistrate Judge Kathleen L. DeSoto's Findings and Recommendation concerning Defendant John Thurlow Mosby's Complaint.  (Doc. 9.)  Mosby timely filed an objection to the Findings and Recommendation.  (Doc. 13.)

A proper objection must "itemize" each factual finding and recommendation to which objection is made, "identifying the evidence in the record the party relies on to contradict that finding . . . [and] setting forth the authority the party relies on to contradict that recommendation."  D. Mont. L.R. 72.3(a).  Properly raised objections entitle the objecting party to *de novo* review of those findings and recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(1)(C); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Absent objection, this Court reviews the Findings and Recommendation for

1

clear error.  *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).  Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

In 2005, Mosby was charged with felony sexual assault and misdemeanor indecent exposure.  *State v. Mosby*, 502 P.3d 116, 117 (Mont. 2022).  He was then found unfit to proceed and the State dismissed the criminal case, instead opening a civil commitment proceeding.  *Id.*  The district court found that Mosby met the requirements for civil commitment, and in May 2006 he was committed to the Montana Development Center ("MDC").  *Id.*  Mosby was held in civil commitment for years, with the State filing petitions for recommitment each spring, typically with no objection from Mosby.  *Id.* at 117–18.

In 2017, following restructuring of Montana's civil commitment laws, Mosby requested a hearing and time to complete another evaluation in pursuit of community-based treatment rather than continued commitment.  *Id.* at 118.  The State then filed a motion in the closed criminal case seeking a reassessment of Mosby's fitness to proceed to criminal trial.  *Id.*  The district court reinstated the criminal case and continued the pending civil case so that Mosby could remain at MDC while the criminal case moved forward.  *Id.*  Mosby pled guilty but appealed the validity of the district court's reinstatement of the criminal case against him.

*Id.* at 117–18.

On appeal, the Montana Supreme Court held that the district court had violated state procedure by failing to require a new Information when it reinstated the criminal case. *Id.* at 121–22. The court also held that the district court had abused it discretion by finding that Mosby's evaluation was insufficient to warrant an alteration to Mosby's commitment, but simultaneously sufficient to resume criminal charges—a result that the court found inconsistent and beyond the bounds of reason. *See id.* at 123. Accordingly, the Montana Supreme Court reversed the district court's reinstatement of the criminal case and barred its resumption. *Id.* at 123–24.

Mosby subsequently filed his Complaint against "unknown Law Enforcement Officer, Prosecutor, or Judge," alleging a violation of his Eighth Amendment right to be free from cruel and unusual punishment "for being unlawfully imprisoned in the Missoula County Detention Center for 119 days." (Doc. 8 at 1.) Mosby also alleges the torts of unlawful imprisonment, malicious prosecution, excessive confinement, and "any other specific tort or civil rights action that the court may find appropriate." (*Id.*) Mosby seeks declaratory relief stating that he was unconstitutionally held in jail for 119 days, an award of compensatory damages for his emotional injuries, punitive damages, and any other

such relief as it may appear he is entitled to. (*Id.* at 9.)

The Court is required to screen all actions brought by prisoners who seek relief and to dismiss a claim when its defects cannot be cured by amendment. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(a), (b)(1). Judge DeSoto reviewed Mosby's Complaint and determined that Mosby failed to state a claim on which relief may be granted. (Doc. 9 at 2–6.) First, Judge DeSoto determined that Mosby cannot proceed against the judge who presided over his criminal case because the "[j]udges of state and municipal courts have unqualified, absolute immunity against claims for money damages." (*Id.* at 4 (citing *Stump v. Sparkman*, 435 U.S. 349, 257–60 (1978)).)

Next, Judge DeSoto determined that Mosby cannot proceed against the prosecutor who brought the criminal charges because they too have "unqualified, absolute immunity against claims for money damages arising from actions they take or fail to take in connection with the judicial phase of criminal or civil proceedings." (*Id.* (citing *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *Fry v. Melaragno*, 939 F.2d 832, 837–38 (9th Cir. 1991)).) Judge DeSoto found that, even if Mosby named someone who was not entitled to qualified immunity, the facts alleged "do not support an inference of *malicious* prosecution . . . [nor] an inference that someone unknown to him violated his civil rights." (*Id.* at 5 (citing *Thompson v. Clark*, 142 S. Ct. 1332, 1337–38 (2022); *Manuel v. City of Joliet*, 137

4

S. Ct. 911, 915–16 (2017)).)

Finally, Judge DeSoto found that there is no support for the premise that "a conviction and sentence in violation of state-prescribed procedure—especially when the violation is corrected on appeal—violates the Eighth Amendment." (*Id.*) Additionally, the declaratory relief sought by Mosby is not available because the Montana Supreme Court had already found a miscarriage of state procedure and provided relief, leaving nothing further to be declared. (*Id.* at 5–6.) Regarding credit for time served, Judge DeSoto determined that "Mosby could obtain such credit only by proceeding in habeas corpus after exhausting his state judicial remedies." (*Id.* at 6 (citing *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Nettles v. Grounds*, 830 F.3d 922, 927–30 (9th Cir. 2016) (en banc)).)

In response to Judge DeSoto's Findings and Recommendation, Mosby filed a single page objection directing the Court to look at page nine of the Complaint where he states the relief he seeks. (Doc. 13.) Even construing Mosby's filing liberally, his objection is not specific and does not identify evidence in the record nor authority to support the objection.[1] Rather, it appears that Mosby has misunderstood Judge DeSoto's determination as stating he did not actually request relief. Accordingly, the Court reviews Judge DeSoto's Finding and

---

[1] Because Mosby is proceeding pro se, the Court construes his filings liberally and affords him the benefit of any doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Recommendation for clear error and finds none.

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 9) is ADOPTED in full.

IT IS FURTHER ORDERED that Mosby's Complaint (Doc. 8) is dismissed without further leave to amend for failure to state a claim on which relief may be granted.

IT IS FURTHER ORDERED that the Clerk of Court is directed to have the docket reflect that Mosby's filing of this action counts as one strike under 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that the Clerk of Court is directed to have the docket reflect that the Court certifies, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint (Doc. 8) lacks arguable substance in law or fact.

DATED this 14th day of December, 2022.


_____
Dana L. Christensen, District Judge
United States District Court